UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PHILLIP and JANE DWIGHT,   No. 13-10653

Debtor(s).
_____/

Memorandum on Motion to Avoid Lien and Objection to Confirmation
_____

Chapter 13 debtors Phillip and Jane Dwight filed their petition on March 29, 2013. At that time, they scheduled their home at 2136 Service Court in Santa Rosa as being worth $290,000. The parties stipulate that the Dwights owe $320,000 to the senior lender. As part of their Chapter 13 plan, they seek to avoid the second deed of trust of creditor Cherilyn Gilboy securing a debt of $30,000. The Gilboy lien is avoidable if the value of the property does not exceed the amount owed to the holder of the senior deed of trust. Gilboy opposes the motion to avoid her lien and objects to the Dwight's plan.

Both sides submitted expert testimony from qualified appraisers. The Dwights' appraiser valued the property at $280,000 as of the date of the bankruptcy petition. Gilboy's appraiser valued the property initially as having a value of $375,000 as of the petition date without having seen the inside. After examining the inside, he reduced his value to $350,000 as of the petition date but says that the property has appreciated during the six months since then and is now worth $375,000. The court has problems with the testimony of both appraisers.

The Dwights' appraiser inexplicably used a figure of 1515 square feet in comparing the Dwight home to other properties. He also ignored a later sale of one of the similar properties he used. He also

1

testified that there had been little or no appreciation the last six months, which was directly contrary to Gilboy's appraiser, who is more experienced.

Gilboy's appraiser changed his opinion of value after he inspected the inside of the home. However, he was less than forthright in failing to explain that one of the reasons for his revised appraisal is that he got the number of bedrooms of the home wrong, even though the Dwights had noted the correct number in their schedules.

After considering all of the evidence, the court believes that the property was worth $300,000 on March 29 and is worth $320,000 today. The court so finds, and will accordingly grant the motion.

Although it is not a necessary determination given the above finding of value, the court believes that in a Chapter 13 case the proper date of valuation is the date of filing. See, e.g., *In re Vallejo,* 2010 WL520698*4 (Bkrtcy.N.D.Cal.2010) and cases therein cited. While there is authority to the contrary, the court notes that unlike other chapters a Chapter 13 plan must be filed at the same time as the petition or within a few days thereafter and the debtor must begin performing the plan immediately. 11 U.S.C. § 1326(a)(1); Rule 3015(b) of the Federal Rules of Bankruptcy Procedure. It is unfair to deny debtors a right due to the passage of time when the delay in obtaining a date for an evidentiary hearing may well be caused by the court's crowded docket, the caseload of a Chapter 13 trustee, or difficulty obtaining an appraisal. The better rule is that the petition date is the relevant date absent an inordinate delay not present here.

For the foregoing reasons, Gilboy's opposition will be overruled. The motion to avoid her lien will be granted and the plan confirmed. Counsel for the Dwights shall submit an appropriate form of order approved by the Chapter 13 trustee and counsel for Gilboy.

Dated: October 14, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge

2